Judge Underwood
delivered the opinion of the Court.
This was an action of assumpsit, instituted by Lansdown vs. May. The declaration contains three counts. Two of them allege, in substance,. that John T. Mason was indebted to Lansdown, $>100, that May was indebted to Mason $100, that Mason drew an order on May, in favor of Lans-down for the $100, payable in groceries, which order, Lansdown presented to May, who accepted it, in consideration whereof, the defendant May, undertook and assumed upon himself to pay Lansdown the plaintiff, the amount of said order in groceries, whenever thereunto, afterwards requested. The other count avers, that the defendant being indebted to Mason $100, accepted an order drawn by Mason in favor of the plaintiff, for $100, to be paid in groceries, and in consideration of his acceptance thereof, he, the defendant, assumed, &c. to the plaintiff. A trial was had, and verdict and judgment obtained by the pjaintiff. The defendant moved to arrest the judgment, and fora new trial; both motions were overruled, and he has brought the case to this court.
. The judgment should have been arrested, because the declaration was insufficient. The order was not a bill of exchange, because made payable in groceries; Coyles executrix vs. Satterwhite’s administrator, IV Mon. 124. It was not influenced by any of the principles of the lex mercatoria. A parol acceptance would novt bind May, for there is no consideration shown to support such an undertaking, for it does not appear that Lansdown released Mason in consequence of May’s assumpsit; or that the parties agreed, in consequence of the order and acceptance, that the debt From Mason to Lansdown, and the debt frog* May to Mason, were thereby settled and discharged. A written acceptance, coupled with a written order, might amount to a covenant, (and we think would,; since, the passage of the statute placing unsealed in* struments on the footing of sealed,) upon which an *166 action of covenant might be maintained. An acceptance in writing ofa written order, is as much a covenant, to comply with the request in the order, as a stipulation.in a contract relative to land, that 44 we have purchased five hundred acres at four dollars per acre,” is, to pay for it at that price; Kendal vs. Talbot, II Bibb, 614; see also Beal’s Adm’r. vs. Schoal's Ex’or. I Mar. 475.
Betilion for a re-hearing.
It has been urged'in argument, that assumpsit upon an accepted order for property, should be regarded as analogous, in every respect, to assumpsits to recover the consideration for an assigned note, which cannot be collected by due diligence. Not-so. The distinction is obvious. The contract in the first case alone creates the liability, in the other the liability' is matter of law, operating to restore the consideration paid for that which turns out to he worthless. See Luckey vs. Rowzee, I Mar. 226; Wilcoxen, &c. vs. Rix, Ibid, 422.
Wherefore the judgment is reversed, and the cause remanded to the circuit court, with directions to arrest the judgment. The plaintiff must recover his costs in this court.